**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

IN RE:                                          :
                                                :
Luis Vidal Montalvo and                         :
Maribel Rivera Sanchez                          :          CASE NO.   05-0006917ESL
                                                :          Chapter 13
        Debtor(s)                               :
                                                :
_____                 :

## OPINION AND ORDER

This case is before the court upon the petition for payment of unclaimed funds filed on October 12, 2010 and on November 30, 2010 (dkt. ## 28 and 33) by Luis Vidal Montalvo and Maribel Rivera Sanchez (collectively the "Debtors"). The Debtors allege that the unclaimed funds deposited with the clerk of the U.S. Bankruptcy court by the Chapter 13 trustee belong to them as the creditor has not claimed them. The court disagrees.

### Background

The relevant facts are not in dispute. On July 28, 2005 the Debtors filed a chapter 13 petition and a chapter 13 plan dated May 5, 2005. On October 17, 2005 the court confirmed the plan. The chapter 13 trustee filed reports of unclaimed monies by creditor Associates Finance; on August 13, 2010 in the amount of $208.73 (dkt. # 20), on September 9, 2010 in the amount of $189.30 (dkt # 22) and on September 22, 2010 in the amount of $208.73 (dkt. #24). The creditor Associates Finance has not requested the payment of the moneys consigned in its name with the bankruptcy court. The debtors claim that the consigned funds be paid to them.

### Applicable Law

Section 347 of the bankruptcy code, 11 U.S.C. § 347, governs unclaimed property, including funds distributed by a chapter 13 trustee pursuant to a confirmed chapter 13 plan and not cashed by the creditor. Fed. R. Bankr. P. 3011 complements section 347(a). See: 3 Collier on Bankruptcy, 16th Edition, ¶ 347.01-347.03, pgs. 347-3 to 347-10. The trustee shall stop payment of any check remaining unpaid ninety days after the final distribution under chapter 7, 12 or 13, and the amounts will be paid into the registry fund of the bankruptcy court as unclaimed funds, and shall be disposed of in accordance with 28 U.S.C. §§ 2041, 2042. 11 U.S.C. § 347(a). The payment of the property or unclaimed funds is governed by 28 U.S.C. § 2041, and the procedure for their withdrawal is set

forth in 28 U.S.C. § 2042.

No money deposited under section 2041 of this title shall be withdrawn except by order of court.

In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited **for at least five years unclaimed by the person entitled thereto**, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. 2042 (emphasis ours).  Therefore, after five years of the trustee's deposit of the unclaimed funds with the registry fund have elapsed, any funds still unclaimed are deposited by the bankruptcy court in the U.S. Treasury in the name and to the credit of the United States. "Thereafter, the creditor entitled to any of the funds may file a claim with the bankruptcy court, and if the claim is approved, the Treasury issues a check to the creditor in the principal amount of his or her distributive share." Leider v. United States, 301 F.3d 1290, 1293 (Fed.Cir.2002)  Accordingly, the unclaimed funds deposited by the trustee in the court's registry fund are held in trust for the person legally entitled to the same. In re Parker, 400 B.R. 55, 59 (Bankr. E.D. Pa. 2009).

Applications for unclaimed funds are generally made ex parte.  Thus, bankruptcy courts require exact compliance with the legal requirements for their disbursement and a clear showing that the claimant is actually entitled to the funds.  In re Scott, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006). Unclaimed funds do not become "surplus funds" when they are not claimed by the creditor who did not cash the check. In re Bradford Production, Inc., 375 B.R. 356, 360 (Bankr. E.D. Mich. 2007). The creditor retains a property interest in the unclaimed funds.  In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A" , 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005).  The creditor is the rightful owner of the funds when the trustee made the distribution based on a confirmed plan and an allowed proof of claim.  In this case, the Debtors have failed to show that they are the rightful owners of the unclaimed funds and not the creditor Associates Financial.

Conclusion

In view of the foregoing, the court concludes that the Debtors are not the rightful owners of the unclaimed funds deposited by the chapter 13 trustee in the name and for the benefit of Associates Finance.  Consequently, the petition for unclaimed funds filed by the Debtors is hereby denied.

SO ORDERED.

San Juan, Puerto Rico, this 6th day of December, 2010.

Enrique S. Lamoutte
United States Bankruptcy Court

- 3 -